17-2446
*United States v. Smith*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of January, two thousand nineteen.

Present:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> AMALYA L. KEARSE,
> > *Circuit Judge*
> JEFFREY A. MEYER,
> > *District Judge*.*

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                No. 17-2446

KIRKLAND SMITH,

> *Defendant-Appellant*.

For Appellant:                                    JAMES P. EGAN (Molly K. Corbett, *on the brief*), Assistant Federal Public Defenders, *for* Lisa A. Peebles, Federal Public Defender, Office of the Federal Public Defender,

---

*Judge Jeffrey A. Meyer, of the United States District Court for the District of Connecticut, sitting by designation.

1

Albany, NY.

For Appellee:                    PAUL D. SILVER (Cyrus P. Rieck, *of counsel*),
Assistant United States Attorneys, *for* Grant
C. Jaquith, United States Attorney for the
Northern District of New York, Albany, NY.

Appeal from a judgment of the United States District Court for Northern District of New York (Mordue, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the case is **REMANDED**.

Defendant-appellant Kirkland Smith appeals from a conviction on six counts of possession of child pornography in violation of 18 U.S.C. § 2252, entered on August 7, 2017 by the United States District Court for Northern District of New York (Mordue, *J.*). Judgment was entered following Smith's conditional guilty plea, which preserved his right to appeal the denial of his suppression motion. The district court sentenced Smith to 212 months' imprisonment on each count, to be served concurrently, followed by a lifetime of supervised release. We find that most of Smith's challenges do not have merit. However, because the record is insufficiently developed to determine whether the police unconstitutionally delayed their application for a search warrant, we remand for further factfinding on that issue.

On October 30, 2014, Trooper Timothy Snickles of the New York State Police (NYSP) found Smith passed out in the driver's seat of his car on the side of Route 73. Through the window, he saw that the car was still in gear and the engine was on, several empty containers of wine, and a tablet computing device sitting on the passenger's seat. Snickles woke Smith, put the car in park, and turned the engine off. He left the visibly intoxicated Smith in the care of two forest rangers who had also responded to the scene and searched the car for Smith's identification or a vehicle registration. During this search, Snickles saw an image on the tablet

2

that he believed was child pornography. The police seized the tablet, and it remained in police custody.

Just over a month later, on December 1, 2014, Kyle Kirby, an NYSP investigator, applied for a warrant to search the contents of the tablet. The warrant was granted, and the search revealed 50 videos and 16 images of child pornography. Kirby applied for a warrant to search Smith's residences, relying on the videos and images recovered from the tablet. Several electronic devices found in those residences also contained child pornography.

Smith was indicted in June 2015. In March 2016, Smith moved to suppress all evidence from the tablet and all other evidence obtained in later searches. The district court held an evidentiary hearing and then denied the motion in its entirety. Smith conditionally pled guilty, judgment was entered, and this appeal timely followed.

"On appeal from a denial of a suppression motion, we review a district court's findings of fact for clear error, and its resolution of questions of law and mixed questions of law and fact *de novo*." *United States v. Gomez*, 877 F.3d 76, 85 (2d Cir. 2017).[1] We "pay special deference to the district court's factual determinations going to witness credibility." *Id.*

Smith contends that the warrantless seizure of his tablet was not supported by probable cause. Snickles testified that he saw an image of an underage girl in a sexual position in plain view on the tablet without first unlocking it. The image, as Snickles described it, sufficed to establish probable cause that the tablet was evidence of a violation of New York Penal Law § 263.00(1). Smith argues that it is unlikely that the tablet was unlocked and the image visible, but Snickles's testimony to the contrary is not "so internally inconsistent or implausible on its

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

face that a reasonable factfinder would not credit it." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575 (1985). We decline to second-guess the district court's credibility determination.

Alternatively, Smith argues that the NYSP's failure to preserve the tablet's settings at the time of the seizure required the district court to infer that the factory settings had not been changed, which means Snickles could not have seen the image without turning the tablet on. However, Smith has pointed to no evidence of bad faith. *See United States v. Greenberg*, 835 F.3d 295, 303 (2d Cir. 2016) (the Government's failure to preserve potentially useful evidence does not violate due process absent bad faith). The district court therefore did not clearly err by refusing to grant Smith an adverse inference in this criminal case.[2]

"Of course, even a seizure based on probable cause is unconstitutional if police act with unreasonable delay in securing a warrant." *United States v. Martin*, 157 F.3d 46, 54 (2d Cir. 1998). In determining whether such a delay is unreasonable, "[w]e must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *United States v. Place*, 462 U.S. 696, 703 (1983). The reasonableness of a delay in seeking a warrant to search legally seized property is "determined in light of all the facts and circumstances, and on a case-by-case basis." *United States v. Mitchell*, 565 F.3d 1347, 1351 (11th Cir. 2009). General relevant considerations include the length of the delay, the importance of the seized property to the defendant, whether the

---

[2]  Smith also maintains that the warrant applications for neither the tablet nor his residences established probable cause. But even if they did not, the officers relied on the warrants in "objective good faith," meaning a reasonably well-trained officer would not "have known that the search was illegal despite the magistrate's authorization." *United States v. Moore*, 968 F.2d 216, 222 (2d Cir. 1992). *See* Special App. 15 n.13 (finding that the magistrate was not knowingly misled).

defendant had a reduced property interest in the seized items, and the strength of the state's justification for the delay. *See*, *e.g.*, *Martin*, 157 F.3d at 54 (eleven-day delay in seeking a warrant to search containers of aircraft parts reasonable because, *inter alia*, defendant had given the seized property to a third party and the delay included two weekends and a holiday).

The district court addressed this issue in a sparse, two-sentence footnote: "Defendant also argues that the duration of the seizure of the [tablet] was unreasonable. After hearing the testimony of Investigator Kirby regarding the geographic area he covered, and the reasons for the 31 day seizure before Investigator Kirby secured a search warrant, the Court concludes that the duration of the seizure was not unreasonable." Special App. 11 n.9.

We believe a fuller explanation and further findings are warranted. While the geographic area the police must cover is certainly relevant to determining the weight of the state's justification for the delay, it is not necessarily determinative. The only other reason Kirby offered for the delay was that he had "15 to 20 other investigations" during this time, App. at 352, but there is no evidence indicating whether that is an unusually large caseload or if any of those other cases were of a significantly higher priority. Nor, for example, do we know whether the police had reason to believe that the seizure of the tablet would deprive Smith of access to any important personal information. We cannot make the necessary fact-bound determination on the record before us.

We therefore find prudent a limited remand to the District Court pursuant to our practice under *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994). The remand "permits the District Court to reconsider its prior conclusion . . . and then return its determination to us without the need for a new notice of appeal, briefing schedule, and reassignment to a new panel unfamiliar with the case." *Florez v. Cent. Intelligence Agency*, 829 F.3d 178, 189 (2d Cir. 2016). We direct

the district court to conduct the fact-bound, totality-of-the-circumstances inquiry necessary to determine whether the state's actions were reasonable and then set forth the basis for its conclusions. Within thirty days after the entry of the district court's order, either party may restore jurisdiction to this panel by filing a letter with the Clerk of this Court. This letter should not exceed twenty double-spaced pages and should set forth any argument for error in the district court's decision and attach a copy of the order. The opposing party may file a response of the same maximum length within fourteen days of service of such a letter.[3]

For the foregoing reasons, we hereby **REMAND** the case to the district court for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] Given this remand, we decline to reach Smith's challenge to his sentence.

6